**IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
AT JACKSON**

|                               |     |                          |
| ----------------------------- | --- | ------------------------ |
|                               | )   |                          |
| **ERMA HARDESTY and**         | )   | Shelby Law               |
| **JIM HARDESTY**,             | )   | 33600 T.D.               |
|                               | )   |                          |
|   Plaintiffs/Appellants. | ) |                     |
|                               | )   |                          |
| VS.                           | )   | C. A. NO. 02A01-9510-CV-00235 |
|                               | )   |                          |
| **SERVICE MERCHANDISE**       | )   |                          |
| **COMPANY, INC.**,            | )   |                          |
|                               | )   |                          |
|   Defendant/Appellee. | ) |                        |
|                               | )   |                          |

**FILED**

**Feb. 5, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

_____

### SEPARATE CONCURRING OPINION

The majority holds that the plaintiff cannot establish constructive notice. I am constrained to agree. However, I invite our Supreme Court to revisit this area of law.

The plaintiff entered Service Merchandise. She tripped over an object protruding into the aisle. She sustained a fractured hip, was hospitalized, and underwent surgery.

For plaintiff to prevail, she must demonstrate that either: (1) the dangerous condition was created by the store owner or its agents; or (2) the store owner had actual or constructive notice of the dangerous condition.

It is illogical to surmise that an employee will confess: "Yes, I created the dangerous condition that injured the plaintiff." The employee may not be aware that he or she created the dangerous condition. Moreover, the fear of becoming unemployed is a logical impediment to plaintiff's development of proof.

The rules place an insurmountable burden on the innocent injured plaintiff. Had Service Merchandise created this dangerous condition, how would this Court have plaintiff carry her burden? The store or its agents are in sole possession of the proof

plaintiff requires to move forward. Curiously, however, we place the burden on the party without control of the proof to bear the burden of moving forward.

I find it even more disconcerting that the rule we have developed encourages or promotes ignorance. Store owners may circumvent liability by simply remaining unaware. They are not held accountable for injuries caused by dangerous conditions unless the conditions existed so long that they should have known.

From a purely economic perspective, store owners are in a much better possession to bear the loss. Owners invite consumers upon their premises. They derive economic benefit from patron visits. They, therefore, should be encouraged to maintain a safe environment for their customers. I am not suggesting that store owners be insurers of their property. I am suggesting, however, that the law should encourage a store owner to inspect and maintain safe premises.

I think the law would be better served by charging store owners with constructive notice. Owners are in possession of the proof and in a much better position to rebut. Quite easily, the employer could offer proof that the aisles are checked hourly. An employee could then simply testify that he or she inspected or walked down the aisle just prior to plaintiff's injury and did not notice an object protruding into the aisle.

If the employer cannot rebut constructive notice, he or she then can argue apportionment of liability. If the jury finds the plaintiff over 50% or more at fault, the plaintiff bears the loss.

A common sense deduction is that employees creating dangerous conditions which ultimately cause injuries are not likely to come forward. A plaintiff's sole remaining viable option, in reality under the current law, is locating a patron who viewed the dangerous condition some time prior to the accident. Does the Court expect the

injured victim to publish in a newspaper "Anyone seeing a bed rail protruding into an aisle at Service Merchandise on . . ."?

We need to study this impractical burden. We continue striking injured patrons' claims without providing any guidance as to how the innocent injured victim may overcome the harsh burden of our rules. It is no better to have a rule than to have a rule which promotes ignorance and serves no end.

_____
PAUL G. SUMMERS, Judge